FILED
SUPERIOR COURT
OF GUAM

2025 MAY 16 PM 1:07

CLERK OF COURT

BY:_____ PMA

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| WAYSON W.S. WONG,<br><br>                       Plaintiff,<br><br>vs.<br><br>CYFRED, LTD., and LEONARD FRANCIS GILL *aka* FRANCIS GILL,<br><br>                    Defendants. | **CIVIL CASE NO. CV0425-18**<br><br>**DECISION AND ORDER DENYING MOTION TO STAY ENFORCEMENT OF THE AMENDED JUDGMENT** |

Defendants, Cyfred, Ltd. and Francis Gill move the Court to stay the enforcement of the January 21, 2025 Amended Judgment pending the outcome of related cases, or in the alternate, for leave of court to post real property as a supersedeas bond pending appeal. The Court finds that a stay of the enforcement of the Amended Judgment is unwarranted in this matter and that Cyfred and Gill must post a cash supersedeas bond equal to the value of the Amended Judgment, which is $200,619.74[1] as of January 13, 2025, plus interest. As such, the Court DENIES Cyfred and Gill's Motion.

## I.   LAW AND DISCUSSION

### A. There are inadequate grounds to require a stay.

This Court has inherent equitable authority to stay the execution of its own judgments, however there are certain requirements that must be met for the Court to exercise this discretion. *Waathdad v. Cyfred, Ltd.*, 2024 Guam 6 ¶¶ 14-15. The Guam Supreme Court in *Waathdad*

---

[1] Pending before the Court is a determination on an award for further attorney's fees sought by Wong. *See* CVR 7.1 Form 3 (Apr. 25, 2025).



adopted the test put forth by California courts in determining whether grounds exist to permit the Court to utilize its discretion to stay the execution of a judgment. This test first requires that the judgment creditor and judgment debtor are parties in both cases and then requires courts to weigh the following factors: (1) the likelihood of the judgment debtor prevailing in the other action; (2) the amount of the judgment of the judgment creditor as compared to the amount of the probable recovery of the judgment debtor in the action on the disputed claim; and (3) the financial ability of the judgment creditor to satisfy the judgment if a judgment is rendered against the judgment creditor in the action on the disputed claim. *Id.* ¶¶ 17-18.

Cyfred and Gill argue that the Amended Judgment should be stayed on equitable grounds pending the determination of CV0735-18, CV0426-18, CV0444-19, and CV0396-23 to allow Cyfred to recover from Wong what he could personally owe Cyfred. Def.'s Mot. Stay Enforcement of Am. J. at 3 (Jan. 29, 2025). They argue there is a strong likelihood of their success in the other actions, a stay is warranted until the exact amount owed by Wong and his clients in the other actions is determined, and that it will be difficult to collect from Wong because of his residence in Hawai'i and from his clients because of their indigency. *Id.* at 3-8.

Wong opposes a stay arguing that the facts and applicable law in the other actions do not show that Cyfred is likely to prevail, the amount of the judgments in favor of Cyfred in other actions will not equal in value to the amended judgment in this case, and that Cyfred has failed to establish Wong's insolvency. Pl.'s Mem. in Opp'n to Def.'s Stay Mot. at 4-6 (Mar. 28, 2025).

The Court starts by considering the requirement that the judgment creditor and judgment debtor are parties in both actions. The parties involved in this case are Wong, Cyfred, and Gill. Wong is not a party in CV0735-18, but is a named party in CV0426-18, CV0444-19, and CV0396-23. Cyfred and Gill argue that Wong is personally liable to them for the claims in


ORIGINAL

CV0396-23, and for attorney's fees in CV0426-18 and CV0444-19 and that Wong has represented that any judgment amount recovered in CV0425-18 will be used to pay Cyfred and Gill in the other actions on behalf of his clients. Def.'s Mot. Stay Enforcement of Am. J. at 2. The Court, however, follows the requirements of the *Waathdad* test that the judgment creditor and judgment debtor *are parties* in both actions.

Moreover, other logistical reasons justify the denial of a stay. When the Court considered previous stays in CV0735-18, this Court was the only tribunal overseeing actions related to these parties. In the ensuing years, multiple actions have arisen and are being adjudicated outside of this Court. Requiring the Court to consider the probability of the likelihood of success in multiple pending actions, including those outside of its purview, is overly burdensome. Without the Court's ability to oversee other actions and monitor their timing, the Court is deeply concerned about external decisions further delaying the resolution of this action. Based on this concern alone, the Court believes there is sufficient justification to refrain from exercising its discretion to permit a stay.

Similarly, when considering the potential amounts sought among all cases, the Court finds that there is too much uncertainty to confidently state that the amount of the judgment of the judgment creditor is comparable to the amount of the probable recovery of the judgment debtor in this action.

Further, as Wong's clients are not parties in this action, the Court does not consider the ability of Cyfred and Gill to collect from them to satisfy additional judgments. Cyfred and Gill argue that this factor is met because Wong resides in Hawai'i, making collection difficult for them, and they cite statements Wong has made regarding his "modest means." Def.'s Mot. Stay Enforcement of Am. J. at 6; Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Stay at 9 (Apr. 8, 2025).

ORIGINAL

These statements alone are not sufficient to persuade the Court that Wong does not have the financial ability to satisfy other judgments against him.

Cyfred and Gill raise additional equitable considerations they believe the Court should consider in granting this stay, such as unnecessary hardship to Cyfred, irreparable injury to Cyfred, and execution impairing Cyfred's equities if the amended judgment is not stayed. Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. Stay at 9-10. The Court, however, bases its determination on the test adopted in *Waathdad* rather than looking to external factors. Additionally, the Court believes that the factors considered under the *Waathdad* test sufficiently illustrate that a stay is unwarranted. As such, the Court denies to use its discretion to permit a stay of the amended judgment and DENIES Cyfred and Gill's motion.

## B. The Court requires a cash, not real property, supersedeas bond pending appeal.

Under Guam Rule of Civil Procedure 62(d), "when an appeal is taken, the appellant by giving a supersedeas bond may obtain a stay." Cyfred and Gill request that if the Court denies their motion for a stay that the Court accept a supersedeas bond equal to 125% of the value of the Amended Judgment in the form of real property. Def.'s Mot. Stay Enforcement of Am. J. at 8-9. They cite *Abalos v. Cyfred, Ltd.* where a court permitted the posting of real property worth $50,000.00 in lieu of posting a $38,000.00 cash bond. CV0580-02, at 1 (Super. Ct. Guam Aug. 12, 2009). Here, however, the Court finds a cash bond is appropriate. The amount of the bond at $200,619.74 is significantly higher than the $38,000.00 in *Abalos*. Additionally, the Court believes Wong raises valid logistical concerns surrounding the time and costs required to sell real property to generate the requisite cash. Pl.'s Mem. in Opp'n to Def.'s Stay Mot. at 8-9. The Court therefore ORDERS the production of a cash supersedeas bond equal to the full value of the Amended Judgment.



ORIGINAL

## II.    CONCLUSION AND ORDER

The Court refrains from exercising its discretion to stay the Amended Judgment and DENIES Cyfred and Gill's Motion. Additionally, the Court DENIES Cyfred and Gill's request to post a real property rather than cash supersedeas bond upon appeal of the Amended Judgment. The Court requires Cyfred and Gill post a cash bond equal to the full value of the judgment pursuant to Rule 62.

**SO ORDERED, 16 May 2025.**

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

ORIGINAL